————o————

THE STATE OF MISSOURI, *ex rel.*, PHILIP PIPKIN, Relator, *vs.* GEORGE B. CLARK, State Auditor, Respondent.

State ex rel. Vail v. Draper, 50 Mo. 353, affirmed.

*Mandamus.*

*Jno. L. Thomas, & Bro.*, for Relator.

1. If it be doubtful whether a law be constitutional or not,

the doubt shall by the court be resolved in favor of the law, and it shall be upheld. (Cool. Con. Lim., 182 ; 7 Ind. 326 ; 2 Iowa, 280 ; 12 Wheat., 270 ; 3 Dall., 386 ; 6 Cranch., 872 ; 2 Pet., 522 ; 1 Cow., 550 ; 4 Dall., 309.)

II. The General Assembly possesses the power to create new circuits, and to change the limits of old ones. (Con. of Mo., Art 6, § 14.)

III. The General Assembly can pass laws requiring the Judges of the Circuit to remove their residences, or vacate their offices. The shifting of the territorial jurisdiction of a judge is a widely different thing from abolishing his circuit, or attempting to oust him. The latter cannot be done ; the former can. (Atty. Gen. vs. Missmore, 14 Wis., 163 ; Iris vs. Choate, 11 Ohio, 511 ; State vs. Staching, 7 Ind., 328.)

IV. The permanent establishment of the St. Louis Circuit Court, excludes the presumption, that any other is to be permanent, *"Expressio unius est exclusio alterius."* (Sec. 15 Art. 6, Con.)

*H. Clay Ewing*, Attorney General, for Respondent, relied on, Vail vs. Draper, 50 Mo., 353, and the brief of Leonard in that case.

WAGNER, Judge, delivered the opinion of the court.

This is an application for a mandamus by the relator to require the State Auditor to draw a warrant in his favor for services, as Judge of the 26th Judicial Circuit. The question was before the court at the last July Term, in the case of State *ex rel.* Vail vs. The Auditor, when we determined that Vail was entitled to his salary, as judge for the said Circuit, and that the relator was not. We are now asked to review and reverse that decision. I have re-examined the question, and can perceive no reason for changing the views then entertained.

I fully concur in the reasoning, and in the conclusion arrived at by the court at that time, and am therefore in favor of dismissing the writ.

The other Judges concurring, the writ will therefore be dismissed.